UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DARIO WYNERMAN,

      Petitioner,

v.

JOHN COLVIN, Superintendent of Five Points Correctional Facility, *et al.*,

      Respondents.

No. 16-CV-2886 (RA) (HBP)

OPINION & ORDER ADOPTING
REPORT & RECOMMENDATION

---

RONNIE ABRAMS, United States District Judge:

Petitioner Dario Wynerman, proceeding *pro se*, petitions for a writ of habeas corpus challenging his New York state sentence of 20 years' imprisonment, to be followed by 5 years of post-release supervision, for convictions following guilty pleas on several weapons-related charges. Respondents move to dismiss the petition as untimely. Before the Court is the Report and Recommendation of Magistrate Judge Pitman, which recommends that the Court deny Wynerman's petition and deny Respondent's motion to dismiss as moot. For the reasons set forth below, the Court adopts this recommendation.

## BACKGROUND

Over a 10-month period, Dario Wynerman sold over 30 firearms to an undercover New York Police Department detective. *See* Resp't Obj. Ex. A at 3 (Dkt. 19).[1] Wynerman claims that he was a "middleman" in a gun-running organization, with no criminal record at the time of his

---

[1] Although the full record of the state-court proceedings was not submitted in connection with this habeas petition, Respondents have submitted a copy of Wynerman's opening brief on direct appeal. *See* Resp't Obj. Ex. A. Wynerman has not challenged the authenticity of this brief or disputed any of the factual allegations it contains. The Court accordingly relies on the copy of Wynerman's appellate brief for purposes of evaluating the instant petition.

arrest. *Id.* at 3–4; *see also* Pet. at 6. On May 6, 2013, Wynerman pled guilty in the New York Supreme Court to 18 weapons-related felonies, consisting of one count of criminal sale of a firearm in the first degree, 7 counts of criminal possession of a weapon in the second degree, and 10 counts of criminal sale of a firearm in the third degree. *See* Pet. at 2–3 (Dkt. 1); Decl. of Margaret A. Cieprisz ¶ 2 ("Cieprisz Decl.") (Dkt. 10). On June 25, 2013, Wynerman was sentenced to a determinate sentence of 20 years' imprisonment, to be followed by a 5-year term of post-release supervision. *See* Pet. at 2; Cieprisz Decl. ¶ 2, Ex. A.

Wynerman appealed his sentence to the Appellate Division of the Supreme Court of New York, First Department. *See* Pet. at 3; Resp't Obj. Ex. A. Wynerman argued, *inter alia*, that his sentence constituted cruel and unusual punishment in violation of the Eighth Amendment. *See* Pet. at 3, 7; Resp't Obj. Ex. A at 28–31.[2] On January 20, 2015, the First Department unanimously affirmed the judgment of the trial court. *See id.*; Cieprisz Decl. Ex. B. The First Department stated that "the sentence is not excessive." Cieprisz Decl. Ex. B. Wynerman did not seek leave to appeal to the New York Court of Appeals and did not petition for a writ of certiorari from the United States Supreme Court.

On April 12, 2016, Wynerman signed the instant habeas petition, which challenges his sentence on Eighth Amendment grounds. *See* Pet. at 6, 8–9.[3] On December 19, 2016, Respondents moved to dismiss the petition, arguing that it was untimely. *See* Mot. to Dismiss (Dkt. 9).

On June 13, 2017, Judge Pitman issued a Report and Recommendation (the "Report"),

---

[2] Wynerman's appeal also challenged his sentence under New York law. *See* Resp't Obj. Ex. A at 9–28. Judge Pitman correctly determined that any state-law challenge to the sentence is not cognizable on federal habeas review, *see* Report at 9, and Wynerman has not argued otherwise in his objections, *see* Pet'r Obj. *See Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) (per curiam) ("We have stated many times that federal habeas corpus relief does not lie for errors of state law." (quoting *Estelle v. McGuire*, 502 U.S. 62, 67 (1991))).

[3] Although Wynerman's petition asserts three grounds for relief, all three challenge his sentence as "cruel and unusual punishment." Pet. at 6, 8–9.

recommending that the Court deny Wynerman's petition on the merits and deny Respondents' motion to dismiss as moot. *See* Report (Dkt. 15). Both parties filed objections. *See* Pet'r Obj. (Dkt.18); Resp't Obj. (Dkt. 19).

## LEGAL STANDARDS

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Under Federal Rule of Civil Procedure 72(b), a party may make "specific written objections to the proposed findings and recommendations" within fourteen days of being served with a copy of a magistrate judge's recommended disposition. Fed. R. Civ. P. 72(b)(2). A district court must review de novo "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, "[w]hen a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." *George v. Prof'l Disposables Int'l, Inc.*, 221 F. Supp. 3d 428, 433 (S.D.N.Y. 2016) (citation omitted); *see also Vega v. Artuz*, No. 97-CV-3775, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002) ("[O]bjections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [papers] will not suffice to invoke de novo review."). "Objections of *pro se* litigants are generally accorded leniency and construed to raise the strongest arguments that they suggest." *McNeil v. Capra*, No. 13-CV-3048 (RA), 2015 WL 4719697, at *3 (S.D.N.Y. Aug. 7, 2015) (citation omitted). "Nonetheless, even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a 'second bite at the apple' by simply relitigating a prior argument." *Id.* (citation omitted).

Under the Antiterrorism and Effective Death Penalty Act of 1995 ("AEDPA"), a federal court may not grant a habeas petition on the basis of a claim adjudicated on the merits in state court unless the adjudication of that claim resulted in a decision that was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "A state court decision is 'contrary to . . . clearly established Federal law, as determined by the Supreme Court' when 'the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts.'" *Carmichael v. Chappius*, 848 F.3d 536, 544 (2d Cir. 2017) (alterations omitted) (quoting *Williams v. Taylor*, 529 U.S. 362, 412–13 (2000)). "A state-court decision is an 'unreasonable application of' clearly established federal law 'if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the [petitioner's] case.'" *Fuentes v. T. Griffin*, 829 F.3d 233, 244–45 (2d Cir. 2016) (alterations omitted) (quoting *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003)). Ultimately, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).[4]

---

[4] The court examines the last-reasoned state-court decision, which in this case is the decision of the First Department. *See Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991).

4

## DISCUSSION

Wynerman's petition challenges the First Department's conclusion that his 20-year prison sentence, to be followed by a 5-year term of supervised release, does not violate the Eighth Amendment. *See* Pet. at 6.[5] Judge Pitman correctly determined that this claim is without merit.[6]

The Eighth Amendment states that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. The Supreme Court's precedents establish that a punishment may be "cruel and unusual" if it is "disproportionate to the crime." *Graham v. Florida*, 560 U.S. 48, 59 (2010); *see also Harmelin v. Michigan*, 501 U.S. 957, 997–98 (1991) (Kennedy, J., concurring in part and concurring in the judgment).[7] The Court has "emphasized that constitutional proportionality is a 'narrow' principle in that it 'does not require strict proportionality,' and it 'forbids only extreme sentences that are grossly disproportionate to the crime.'" *United States v. Reingold*, 731 F.3d 204, 211 (2d Cir.

---

[5] As Judge Pitman noted, Wynerman's Eighth Amendment claim is likely unexhausted, as he did not seek leave to appeal to the New York Court of Appeals. *See* Report at 10 n.4. Under AEDPA, however, the Court may deny Wynerman's petition on the merits despite his failure to exhaust this claim in state court. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."); *Aparicio v. Artuz*, 269 F.3d 78, 91 n.5 (2d Cir. 2001) ("AEDPA permits a habeas court to reject a claim on the merits notwithstanding the fact that it is unexhausted."). The Court also notes that the First Department did not reference the Eighth Amendment in ruling that Wynerman's sentence was "not excessive." Cieprisz Decl. Ex. B. Wynerman's Eighth Amendment claim was nonetheless "adjudicated on the merits" under AEDPA, however, as he presented this claim to the First Department, *see* Pet. at 3, 7, which then denied him relief, *see id. See Harrington*, 562 U.S. at 99 ("When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated claim on the merits in the absence of any indication or state-law procedural principles to the contrary.").

[6] Because Wynerman's objections to the Report largely reiterate arguments presented in his original petition, the Court would ordinarily review his objections for clear error. *See, e.g., Quinn v. Stewart*, No. 10-CV-8692 (PAE), 2012 WL 1080145, at *4 (S.D.N.Y. April 2, 2012). Here, however, the Court need not decide whether a de novo or clear error standard applies to Wynerman's objections, as it finds no error, clear or otherwise, in the Report's analysis of his claims.

[7] The Supreme Court has characterized Justice Kennedy's partial concurrence in *Harmelin*, joined by Justices O'Connor and Souter, as "controlling" on the issue of constitutional proportionality for a term-of-years sentence. *Graham*, 560 U.S. at 60; *see also United States v. Reingold*, 731 F.3d 204, 210 n.11 (2d Cir. 2013).

5

2013) (quoting *Harmelin*, 501 U.S. at 997); *see also United States v. Yousef*, 327 F.3d 56, 163 (2d Cir. 2003). The Supreme Court has also explained that the "narrow proportionality principle," *Harmelin*, 501 U.S. at 996, must be viewed in light of several principles:

> (1) the "substantial deference" generally owed by reviewing courts "to the broad authority that legislatures necessarily possess in determining the types and limits of punishments for crimes"; (2) a recognition that the Eighth Amendment does not mandate "any one penological theory" and that "competing theories of mandatory and discretionary sentencing have been in varying degrees of ascendancy or decline since the beginning of the Republic"; (3) respect for the "marked divergences both in underlying theories of sentencing and in the length of prescribed prison terms" that "are the inevitable, often beneficial, result of the federal structure"; and (4) prudential understanding that proportionality review "should be informed by objective factors to the maximum possible extent," that the "most prominent objective factor is the type of punishment imposed," and that while the Supreme Court has frequently referenced "the objective line between capital punishment and imprisonment for a term of years," it has itself acknowledged a "lack [of] clear objective standards to distinguish between sentences for different terms of years."

*Reingold*, 731 F.3d at 211 (alterations in original) (quoting *Harmelin*, 501 U.S. at 996, 998–1001). In light of these principles, "at the same time that the Eighth Amendment prohibits grossly disproportionate sentences, it is rare that a sentence falling within a legislatively prescribed term of years will be deemed grossly disproportionate." *Id.* at 212; *see also Harmelin*, 501 U.S. at 1001 (noting that "outside the context of capital punishment, *successful* challenges to the proportionality of particular sentences are exceedingly rare" (alterations and internal quotation marks omitted; emphasis in original)).

Indeed, "on only one occasion" has the Supreme Court has "identified a term-of-years sentence as grossly disproportionate." *Reingold*, 731 F.3d at 211. In *Solem v. Helm*, 463 U.S. 277 (1983), the Court held that a sentence of life imprisonment without parole for passing a bad check in the amount of $100, where the defendant had a record of six prior non-violent felonies, was constitutionally excessive. *See id.* at 279, 281–82. The Court noted that the defendant's crime was "one of the most passive felonies a person could commit," involving "neither violence nor

6

threat of violence to any person," and that the sentence imposed was "the most severe" sentence available for "any criminal for any crime" at the time of sentencing. *Id.* at 296–97 (internal quotation marks omitted).

*Solem* aside, the Court has consistently rejected proportionality challenges to prison sentences. *See Reingold*, 731 F.3d at 212. First, in *Rummel v. Estelle*, 445 U.S. 263 (1980), the Court held that a life sentence, with the possibility of parole, for "obtaining $120.75 by false pretenses" was not constitutionally excessive, where the defendant had one prior felony conviction for "fraudulent use of a credit card to obtain $80 worth of goods or services," and a second felony conviction for "passing a forged check in the amount of $28.36." *Id.* at 266, 284–85. Second, in *Hutto v. Davis*, 454 U.S. 370 (1982) (per curiam), the Court rejected an Eighth Amendment challenge to a 40-year prison sentence for possession with intent to distribute approximately nine ounces of marijuana. *See id.* at 374–75. Third, in *Harmelin v. Michigan*, 501 U.S. 957 (1991), the Court held that a mandatory term of life imprisonment without parole for a recidivist defendant convicted of possessing 672 grams of cocaine was not constitutionally excessive, reasoning that a state legislature could conclude that the threat presented by the possession of a large amount of cocaine—"in terms of violence, crime, and social displacement"—is "momentous enough" to warrant the sentence imposed. *Id.* at 1002–03. Most recently, in *Ewing v. California*, 538 U.S. 11 (2003), the Court upheld a sentence of 25 years to life imprisonment for "shoplifting three golf clubs" worth $1,200, where the defendant was a recidivist felon sentenced under California's Three Strikes Law. *See id.* at 16–18, 28. Again distinguishing *Solem*, the Court emphasized that the defendant's crime "should not be taken lightly" and that it was "certainly not 'one of the most passive felonies a person could commit.'" *Id.* at 28 (quoting *Solem*, 463 U.S. at 296).

7

These precedents do not "clearly establish" any Eighth Amendment defects in Wynerman's sentence. 28 U.S.C. § 2254(d)(1). Wynerman pled guilty to 18 weapons-related felonies, including unlawfully selling ten firearms within a one-year period, *see* N.Y. Penal L. § 265.13(2), and received a sentence of 20 years' imprisonment, to be followed by a 5-year term of supervised release. None of the Supreme Court's precedents suggest that this sentence raises any Eighth Amendment concerns. *Solem*, as the only case in which the Court has found a term of imprisonment constitutionally excessive, is plainly distinguishable: Wynerman's unlawful sale of firearms presents a "threat of violence" that the "passive" crime of passing a bad check does not, and his 20-year sentence is not "the most severe" sentence New York could impose on "any criminal for any crime." *Solem*, 463 U.S. at 296–97. Moreover, the Court's consistent rejection of proportionality challenges to other non-capital sentences amply supports the First Department's conclusion: as discussed above, the Court has upheld sentences far more severe than Wynerman's, such as a life sentence without parole, for crimes far less serious—from stealing $120.75 to possessing less than a kilogram of cocaine. *See Harmelin*, 501 U.S. at 1009 (Kennedy, J., concurring); *Rummel*, 445 at 266, 284–85. Because the First Department's rejection of Wynerman's Eighth Amendment claim is not "contrary to," and does not "involve[e] an unreasonable application of," the Supreme Court's precedents, Wynerman is not entitled to habeas relief. 28 U.S.C. § 2254(d).

In sum, the Court agrees with Judge Pitman that Wynerman's petition is without merit and must be denied.[8]

---

[8] In light of this conclusion, the Court need not consider Respondents' argument that the petition is untimely.

## CONCLUSION

For the foregoing reasons, the Court adopts Judge Pitman's Report and Recommendation. The Court denies the petition for a writ of habeas corpus and denies as moot Respondents' motion to dismiss. Because Wynerman has not made a substantial showing of a denial of a constitutional right, the Court declines to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c); *Love v. McCray*, 413 F.3d 192, 195 (2d Cir. 2005). The Clerk of the Court is respectfully directed to close the case.

SO ORDERED.

Dated:  August 15, 2017
        New York, New York

_____
Ronnie Abrams
United States District Judge